GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: STEVEN J. KOCHEVAR
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2715
Facsimile: (212) 637-2717
E-mail: steven.kochevar@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>118 EAST 60TH OWNERS, INC. and<br>MATTHEW ADAM PROPERTIES,<br><br>Defendants. | **COMPLAINT**<br><br>19 Civ. \_\_\_\_\_<br><br>**Jury Trial Demanded** |

Plaintiff, the United States of America ("Plaintiff" or the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, alleges for its complaint as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action for declaratory relief, injunctive relief, and monetary damages under the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.* (the "Act"), brought by the United States of America on behalf of Brian Schulman ("Complainant" or "Schulman") pursuant to 42 U.S.C. § 3612(o), to redress discrimination on the basis of disability.

2. As alleged more fully below, Defendant 118 East 60th Owners, Inc. ("118 East 60th Owners"), which owns and operates Plaza Tower, a housing cooperative located at 118 East 60th

Street, New York, NY, and Defendant Matthew Adam Properties ("Matthew Adam"), which acts as property manager of Plaza Tower on 118 East 60th Owners' behalf (collectively, "Defendants"), unlawfully discriminated against Schulman based on his disability.

3. Defendants' conduct violates the Act, should be declared unlawful and enjoined, and appropriate monetary damages should be awarded.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 3612(o) because Defendants are situated in this district and the events giving rise to the Complaint occurred in this district.

## THE PARTIES

6. Plaintiff is the United States of America.

7. Defendant 118 East 60th Owners owns and operates a private housing cooperative located at 118 East 60th Street, New York, New York 10022, known as Plaza Tower.

8. Defendant Matthew Adam, located at 127 East 59th Street, New York, New York 10022, acts as property manager of Plaza Tower on 118 East 60th Owners' behalf. Upon information and belief, Matthew Adam acts as property manager for several housing cooperatives located in New York City.

9. Complainant Brian Schulman is an individual living with a mental impairment, Obsessive Compulsive Personality Disorder ("OCD"), which substantially limits one or more of his major life activities.

10. Plaza Tower is a "dwelling" within the meaning of the Act, 42 U.S.C. § 3602(b).

11. Complainant is an "aggrieved person" as that term is defined in the Act, 42 U.S.C. § 3602(i), and has suffered damages as a result of Defendants' conduct.

## PROCEDURAL BACKGROUND

12. On or about June 15, 2016, Complainant filed an administrative complaint with the U.S. Department of Housing and Urban Development ("HUD") alleging that 118 East 60th Owners and Matthew Adam discriminated against him on the basis of disability in violation of the Act.

13. Pursuant to the requirements of 42 U.S.C. § 3610(a) and (b), the Secretary of HUD (the "Secretary") conducted and completed an investigation of the administrative complaint.

14. Based on the information gathered in the HUD investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that 118 East 60th Owners and Matthew Adam discriminated against Complainant and violated the Act.

15. On March 28, 2018, the Secretary issued a Charge of Discrimination pursuant to 42 U.S.C. § 3610(g)(2)(A), charging 118 East 60th Owners and Matthew Adam with engaging in discriminatory housing practices against Complainant in violation of the Act.

16. On April 5, 2018, Complainant timely elected to have the charge resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a). Following this election, the Secretary authorized the Attorney General to file this action on Complainant's behalf, pursuant to 42 U.S.C. § 3612(o)(1).

## FACTS

17. In May 2003, Schulman purchased Unit 8B of Plaza Tower, located at 118 East 60th Street, New York, New York.

18. Schulman occupied Unit 8B pursuant to a Proprietary Lease, which forbade the harboring of any animal in the apartment.

19. In October 2012, Schulman's treating physician, Dr. Craig Polite, diagnosed Schulman with OCD. Schulman's OCD and accompanying depression significantly impair his capacity to engage in major life activities.

20. Schulman is a person with a disability as defined by the Act, 42 U.S.C. § 3602(h).

21. In August 2015, Mr. Schulman purchased Unit 8A of Plaza Tower. Unit 8A adjoins Unit 8B. Schulman intended to renovate and combine Units 8A and 8B. While his units were being renovated, Schulman moved in with his fiancée and now wife, Nataliya Bari, who had a beagle.

22. The presence of Bari's beagle improved Schulman's OCD symptoms. Dr. Polite prescribed an emotional assistance animal for Schulman. In a letter dated February 24, 2016, Dr. Polite stated that "the presence of [the prescribed emotional support animal] is necessary for the emotional/mental health of Brian because its presence will mitigate the symptoms he is currently experiencing."

23. On March 25, 2016, Schulman moved back into Plaza Tower, along with Bari and her beagle, now Schulman's assistance animal.

24. On March 28, 2016, Schulman requested a reasonable accommodation from Defendants allowing Schulman to keep his assistance animal in Plaza Tower. In connection with his request, Schulman provided a letter from Dr. Polite stating that Schulman needed an assistance animal.

25. Also on March 28, 2016, Schulman spoke with Daniel Lynch, an employee of Matthew Adam and the resident manager of Plaza Tower. During their conversation, Lynch

disparaged Schulman's request for an accommodation, referred to Schulman's request as a "game," and informed Schulman that Dr. Polite's letter would be insufficient support for Schulman's request.

26. Defendants did not specifically respond to Schulman's reasonable accommodation request. Instead, on April 8, 2016, Defendants constructively denied Schulman's request by issuing Schulman a Notice of Default dated April 5, 2016 (the "Notice of Default"). The Notice of Default stated that Schulman had violated his Proprietary Lease by harboring a dog in his apartment.

27. On April 8, 2016, Schulman replied to the Notice of Default and reiterated his request for a reasonable accommodation in an email to Ira Meister, President of Matthew Adam. On April 8, Schulman received the following response from Meister: "The Board of Directors has referred this matter to the corporations counsel. Kindly refrain from communicating with me or the Board on this matter. I would be delighted to discuss any other matter pertaining to your apartment."

28. From April 10, 2016, to May 16, 2016, Schulman boarded his assistance animal through a service called Dog Vacay. During that period, the symptoms of Schulman's mental impairment worsened.

29. On June 15, 2016, Schulman filed an administrative complaint with HUD alleging that Defendants had discriminated against him on the basis of disability in violation of the Act. On June 16, 2016, HUD sent notice of Schulman's complaint to Defendants. On June 24, 2016, Defendants sent Schulman a Ten-Day Notice of Termination informing him that his tenancy would be terminated effective July 11, 2016, because he had kept a dog in his apartment.

30. On July 8, 2016, Schulman and 118 East 60th Owners executed a tolling agreement forbearing proceedings terminating Schulman's tenancy until 45 days after HUD completed its investigation. However, the agreement permitted 118 East 60th Owners to institute eviction proceedings within 45 days after the conclusion of HUD's investigation because of the presence of Schulman's assistance animal.

31. In August 2017, Schulman moved out of Plaza Tower and subsequently sold his units there.

## CLAIMS FOR RELIEF

### FIRST CLAIM: 42 U.S.C. § 3604(f)(1)

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 of this Complaint as if fully set forth in this paragraph.

33. Defendants violated the Fair Housing Act, 42 U.S.C. § 3604(f)(1), by making unavailable or denying a dwelling to Complainant because of his disability.

### SECOND CLAIM: 42 U.S.C. § 3604(f)(2)

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 of this Complaint as if fully set forth in this paragraph.

35. Defendants violated the Fair Housing Act, 42 U.S.C. § 3604(f)(2), by discriminating against Complainant in the terms, conditions, and privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of Schulman's disability.

### THIRD CLAIM: 42 U.S.C. § 3604(f)(3)(B)

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully set forth in this paragraph.

37. Defendants violated the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B), by refusing to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

### FOURTH CLAIM: 42 U.S.C. § 3617

38. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 of this Complaint as if fully set forth in this paragraph.

39. Defendants violated the Fair Housing Act, 42 U.S.C. § 3617, by coercing, intimidating, threatening, or interfering with Complainant on account of his having exercised his right under the Fair Housing Act to request a reasonable accommodation and to file an administrative complaint with HUD.

### RELIEF REQUESTED

WHEREFORE, Plaintiff the United States of America requests that the Court enter judgment:

1. Declaring that Defendants' actions as set forth above violate the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.*;

2. Enjoining Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with them, from:

    a. discriminating in the sale or rental, or otherwise making unavailable or denying a dwelling to any buyer or renter because of a disability of the buyer or renter, in violation of 42 U.S.C. § 3604(f)(1);

    b. discriminating in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

    c. failing or refusing to make reasonable accommodations as required by 42 U.S.C. § 3604(f)(3)(B);

    d. coercing, intimidating, threatening, and interfering with individuals who exercise their rights under the Fair Housing Act, in violation of 42 U.S.C. § 3617;

    e. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Complainant to the position he would have been in but for the discriminatory conduct;

    f. failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of Defendants' discriminatory conduct.

3. Awarding monetary damages to Complainant for injuries caused by Defendants' discriminatory conduct, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1); and

4. Granting such further relief as this Court may deem just and proper.

The United States requests trial by jury.

                                      WILLIAM BARR
                                      Attorney General of the United States

                                      By: /s/ Eric S. Dreiband
                                           Assistant Attorney General
                                           Civil Rights Division

Dated: New York, New York  
       March 25, 2019

GEOFFREY S. BERMAN  
United States Attorney  
for the Southern District of New York

By: _____  
STEVEN J. KOCHEVAR  
Assistant United States Attorney  
86 Chambers Street, Third Floor  
New York, New York 10007  
Tel.: (212) 637-2715  
Fax: (212) 637-2717  
Email: steven.kochevar@usdoj.gov